UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY LLOYD,

        Plaintiff,

-vs-                                                 Case No. 8:05-cv-2192-T-24MAP

RAYMOND JAMES FINANCIAL
SERVICES, INC.,

        Defendant.
_____/

## **O R D E R**

This cause comes before the Court for consideration of Defendant's Motion to Dismiss (Doc. No. 8) and Plaintiff's Amended Motion to Vacate Arbitration Award as to Claimant's Attorney Fees (Doc. No. 13-2).

Plaintiff filed this action seeking to vacate an arbitration award in which the arbitration panel denied Plaintiff's request for attorney's fees. Plaintiff asserts that by denying Plaintiff's request for attorney's fees, the arbitrators not only disregarded an unambiguous provision of the parties' contract but also manifestly disregarded a well-established principle of law. Defendant conversely asserts that Plaintiff has failed to allege sufficient grounds for subject matter jurisdiction and that Plaintiff fails to allege any evidence whatsoever that the arbitration panel was conscious of applicable law and deliberately chose to ignore it as is required by legal precedent with regard to an allegation of "manifest disregard of the law." Defendant now moves to dismiss Plaintiff's action.

Subject Matter Jurisdiction

The Federal Arbitration Act does not confer subject matter jurisdiction on federal courts. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997), cert. denied, 525 U.S. 841

(1998). Independent grounds for subject matter jurisdiction must exist. Id. "Federal question jurisdiction exists only when the 'well-pleaded complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Id. at 1472 (quoting Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983)).

Plaintiff alleges in his Amended Motion to Vacate Arbitration Award as to Claimant's Attorney Fees that the Securities and Exchange Act of 1934 confers jurisdiction over the parties in this action. (Doc. No. 13-2, ¶ 4). This allegation without more, however, is insufficient to establish subject matter jurisdiction. Plaintiff's amended motion to vacate the arbitration award itself does not raise a federal question. Although the parties arbitrated their dispute pursuant to the Securities and Exchange Act, the dispute itself was a common law breach of contract claim. Further, Plaintiff's right to relief does not depend on the resolution of a substantial question of federal law. Plaintiff moved to vacate the arbitration award based only on alleged misdeeds of the arbitration panel, not on any violation of federal law. Accordingly, this Court finds that it lacks subject matter jurisdiction over this action as alleged by Plaintiff.

## Motion to Vacate

The Court notes that even if it had subject matter jurisdiction, Plaintiff has failed to allege any evidence whatsoever in support of his argument that the arbitrators expressly disregarded the law.

> If a court is to vacate an arbitration award on the basis of a manifest disregard of the law, there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it. We recognize that this would be extremely difficult where the arbitrators failed to state the reasons for their decision. However, we repeat that a party seeking to vacate an

> arbitration award on the ground of manifest disregard of the law may not proceed by merely objecting to the results of the arbitration. To do so would result in relitigation of the claim, in violation of the basic purposes of arbitration: a fast, inexpensive resolution of claims.

O.R. Securities, Inc. v. Professional Planning Assocs., Inc., 857 F.2d 742, 747 (11th Cir. 1988).

Plaintiff asserts that he prevailed on his contract action before the arbitration panel and the contract provides in unambiguous terms that, in the event of breach of the contract, the prevailing party would be entitled to costs including reasonable attorney's fees. Plaintiff simply argues that "[b]y denying the Plaintiff's request for attorney's fees . . ., the arbitrators not only disregarded an unambiguous provision of the parties' contract but also disregarded the well established principle of law which needed no interpretation." (Plaintiff's Memorandum of Law, Doc. No. 6). However, "[a] showing that the arbitrator merely misinterpreted, misstated, or misapplied the law is insufficient" to establish manifest disregard of the law. B.L. Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 910 (11th Cir. 2006)(citing Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1461-62 (11th Cir. 1997)). Even if the arbitration panel incorrectly applied the law or applied the wrong law, Plaintiff has made no showing that the error was intentional or that the arbitration panel made a conscious decision not to follow the appropriate legal standard. The Court notes that there is no indication of the arbitrators' reasons for their award, and this Court has no reason to believe that they intentionally disregarded the law. Accordingly, Plaintiff's amended motion to vacate the arbitration award as to claimant's attorney's fees would necessarily fail. See Brown v. ITT Consumer Financial Corp., 211 F.3d 1217, 1223 (11th Cir. 2000).

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion for Leave to Amend (Doc. No. 13) is **GRANTED**. The Court considered the Amended Motion to Vacate Arbitration Award as to Claimant's Attorney Fees attached to the motion (Doc. No. 13-2).

(2) Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED** as this Court lacks subject matter jurisdiction. This action is dismissed without prejudice.

(3) The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of September, 2006.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge